## BILLING'S CASE.

*Supreme Court, First District ; Special Term, August,* 1859.

### INSOLVENT'S DISCHARGE.[*]

The trust resulting to the debtor in respect to any surplus that may remain after payment of debts under an order appointing a receiver of his property, or under a general assignment for the benefit of creditors, is an interest which the debtor must disclose and assign in proceedings to obtain a discharge from his debts

---

[*] In the case of THE RUSSELL & ERWIN MANUFACTURING CO. *a.* ARMSTRONG (*Supreme Court, First District; Special Term, March,* 1860), it was held that the court would not in a collateral motion inquire into the validity of a discharge, questioned on jurisdictional objections.

It appeared in that case, that in 1855, the plaintiffs recovered judgment against the defendant for about $250. In 1857, the defendant procured a discharge from his debts, under the two-third act. Notwithstanding such discharge, the plaintiffs, on the 13th of January, 1860, caused an execution to be issued on the judgment directed to the Sheriff of Kings County, and the same was levied on the defendant's property, acquired since his discharge.

Defendant now moved to set aside the execution.

*C. E. Lester* for the plaintiffs, resisted the motion on grounds of defects in the papers, which he insisted rendered the discharge void.

*N. Burchard & B. F. Sawyer,* for the defendant, contended that so far as the hearing of this motion was concerned, the discharge was conclusive ; that the plaintiffs could not issue an execution upon a judgment obtained previous to the granting of a discharge regular on its face, but must bring their action upon the judgment, in order that the validity of the discharge might be first passed upon by a jury and declared void for any of the causes enumerated in section 40 of the

Petition for a discharge in insolvency.

INGRAHAM, J.—It is apparent from the petitioner's examination that he held notes and securities which he has not stated in the account of his property, and that he may also have an interest in the property conveyed to Chave, and the Saratoga land, although the legal title is in another person.

The appointment of a receiver for the benefit of a creditor, or the execution of an assignment to an assignee for the benefit of all his creditors, does not so divest the petitioner of the property as to deprive him of any interest that may remain after payment of the claims so provided for. The statute requires an account of the property and of the charges affecting the same. Property passed to a receiver, or a right to any surplus therein, should be stated, and the judgment and appointment of the receiver should be stated as the charge affecting the property. The same statement should be made as to an assignee. The object of the statute is to enable the creditor to ascertain whether the debtor has reserved any property from his creditors, and if the debtor may under the appointment of a receiver say he owns no property on that account, he may very easily conceal from his creditors a large amount which otherwise could be applied to the payment of his debts.

There can be no difficulty in this case in making a proper statement, and I think the petitioner must do so before he can be discharged under the statute.

The application must be denied.

---

two-third act, or on account of some jurisdictional defect apparent upon the face of the papers.

W. F. ALLEN, J., on this ground granted the motion, and set aside the execution, but without costs to either party,